E-filing

1  DONALD AMAMGBO, ESQ.
   AMAMGBO & ASSOCIATES
2  6167 Bristol Parkway, #325
   Culver City, California 90230
3  Telephone: (310) 337-1137
   Facsimile: (310) 337-1157
4  Email: Donald@amamgbolaw.com

5

6  REGINALD TERRELL, ESQ.
   THE TERRELL LAW GROUP
7  Post Office Box 13315, PMB #148
   Oakland, California 94661
8  Telephone: (510) 237-9700
   Facsimile: (510) 237-4616
9  Email: Reggiet2@aol.com

FILED

JUL 1 2 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10                 UNITED STATES DISTRICT COURT          ADR

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  ERIC TERRELL, individually and on behalf )   CASE NO.:   C11-03416 CS
    of all others similarly situated,        )
14                                            )
                                              )
15                      Plaintiff,            )   **CLASS ACTION COMPLAINT**
                                              )
16  v.                                        )
                                              )   DEMAND FOR JURY TRIAL
17  APPLE, INC., PANDORA, INC., BACKFLIP      )
18  STUDIOS, INC., THE WEATHER                )
    CHANNEL, INC., DICTIONARY.COM,            )
19  LLC,                                      )
                                              )
20                      Defendants.           )
                                              )
21                                            )
                                              )
22  _____ )

23        Plaintiff Eric Terrell, individually and on behalf of all others similarly situated, make the

24  following allegations based on their personal knowledge of their own acts and observations and,

25  otherwise, upon information and belief based on investigation of counsel.

26                            **NATURE OF THE CASE**

27        1.     This is a class action brought on behalf of the Plaintiffs and other owners and

28  users of the Apple iPhone and iPad who were the victims of privacy violations and unfair

business practices by Apple Inc. ("Apple"), Pandora Media, Inc. ("Pandora"), and Gogii, Inc. ("Gogii").

2.    Plaintiffs downloaded applications ("apps") to their iPhone and iPad mobile devices from an Apple-sponsored website as part of the use of their mobile devices. Apple claims to review each application before offering it to its users, purports to have implemented app privacy standards, and claims to have created "strong privacy protections" for its customers. However, Plaintiffs have discovered that some of these apps have been transmitting their personal, identifying information ("PII") to advertising networks without obtaining their consent.

3.    Each Apple iPhone is encoded with an electronically readable Unique Device Identifier ("UDID"). This UDID, which cannot be blocked, altered, or deleted, is now being used by ad networks to track Plaintiffs and the class – including what apps they download, how frequently they use the apps, and for how long. Some apps are also selling additional information to ad networks, including users' location, age, gender, income, ethnicity, sexual orientation and political views.

4.    Plaintiffs did not consent to their PII being provided to third parties, nor were they aware that these apps were able to do so.

5.    Plaintiffs allege that Defendants invaded their privacy, misappropriated and misused their personal information, and interfered with the operability of their mobile devices 0 conduct and consequences for which they now seek relief.

## PARTIES

6.    Plaintiff Eric Terrell (referred to herein as "Plaintiff" or collective "Plaintiffs") is a resident of Alameda County, California.

7.    Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is the maker of the Apple iPhone.

8.    Defendant Pandora, Inc. is the maker of the Pandora App and is a California corporation with its principal place of business at 2101 Webster Street, Oakland, California 94612.

CLASS ACTION COMPLAINT                                                                              2

9.     Defendant Backflip Studios, Inc. is the maker of the Paper Toss app and is a Delaware corporation with its principal place of business in Boulder, Colorado.

10.    Defendant The Weather Channel, Inc. is the maker of the Weather Channel iPhone app and is a Georgia corporation with its principal place of business at 300 Interstate North Parkway Southeast, Atlanta, Georgia 30339.

11.    Defendant Dictionary.com, LLC is the maker of the Dictionary.com iPhone app and is a California Corporation with its principal place of business at 555 12th Street, Oakland, California 94607.

12.    The defendants named above are collectively referred to in this complaint as "Defendants".

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1331.

14.    Venue is proper in this District under Title 28, United States Code, Section 1391(b) because Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district. Two of the defendants are California corporations with their principal place of business in this district.

## FACTUAL ALLEGATIONS

15.    Plaintiff has owned an iPhone since the first introduction of the device. During that time, he has downloaded a number of iPhone apps, which he has backed up and migrated each time he has replaced hi iPhone with a new one.

16.    For a period range from several years to the past six months, Plaintiff has installed a number of apps on his iPhone, including:

      a.     Dictionary.com

      b.     Pandora

      c.     Paper Toss

      d.     The Weather Channel

17.    Apple sets its iPhones and iPads with a UDID, which is a unique identifying number assigned to each device. UDIDs cannot be deleted or blocked by users. These UDIDs can be used to track the user of each device, including a variety of information that can be inferred based on the apps that user downloads.

18.    Apple claims that it reviews all apps available on its App Store. It states that it does not allow apps to transmit data about a user without consent.

19.    In contrast to Apple's statements, the above-listed applications acquire UDID and geographic location information from users' iPhones without users' consent and in a manner that is not apparent to users.

20.    For example, Pandora reportedly sends age, gender, location, and UDIDs to a variety of third-party ad networks. Pandora sends this information without the prior consent of its users, in violation of Apple's app rules, and a variety of state and federal laws. Pandora violates the privacy rights of its users for its own financial gain.

21.    Similarly, according to the Wall Street Journal's investigative coverage reported December 18, 2010, all of the other apps listed above transmit UDID and geographic location information, in addition to the other information about users and their uses of the apps.

22.    Plaintiffs did not expect, receive notice of, or consent to Defendants' tracking of his iPhone app use and did not want Defendants to engage in such activity. Plaintiffs did not expect, receive notice of, or consent to Defendants providing his PII to any third parties.

23.    Defendants' activities were in conflict with the privacy policies and/or terns if use of the Apple app store.

24.    Defendants' actions exceeded the scope of any authorization that could have been granted by Plaintiffs at the time of downloading and using the above-listed apps.

25.    Plaintiffs' communications on the Internet, during which time Defendants used and collected their information, were electronic communications.

26.    Thus, Defendants engaged in and/or caused interception of communications without authorization.

CLASS ACTION COMPLAINT                                                                4

27. Plaintiffs consider information about their mobile communications to be in the nature of confidential information.

28. Plaintiffs consider information about themselves and their mobile communications to be their personal property.

29. Plaintiffs consider information about any website they visit, or apps they download, to be in the nature of confidential information and personal property that they do not expect to be available to an unaffiliated company.

30. Plaintiffs believe that the merger of this information that is likely to occur in the hands of an ad network, based on the profiling performed by ad networks, to constitute the deanonymization of their supposedly anonymous UDID and/or geographic location and therefore, to constitute personally identifiable information.

31. Plaintiffs did not consent to being personally identified to ad networks or for their personally identifiable information to be shared with and used on behalf of Defendants.

32. Defendants' actions were knowing, surreptitious, and without notice and so were conducted without authorization and exceeding authorization.

33. Defendants misappropriated Plaintiffs' personal information.

34. Defendants' conduct caused economic loss to Plaintiffs in that their personal information has discernable value, both to Defendants and to Plaintiffs.

35. Defendants deprived Plaintiffs of and/or diminished the economic value of their personal information.

36. Defendants used Plaintiffs' personal information for their own economic benefit.

37. Plaintiffs' experiences are typical of the experiences of class members.

48. The aggregated loss and damage sustained by the class, as defined herein, includes economic loss with an aggregated value of at least $5,000 during a one-year period.

39. Defendants perpetrated the acts and omissions set forth in this complaint through an organized campaign of deployment, which constituted a single act.

40. Based on Defendants' actions in acquiring Plaintiffs' and class members' personal information, an implied contract existed between Defendants and class members, to which

CLASS ACTION COMPLAINT                                                                                  5

1  Defendants' assent may be fairly inferred, and under which contract Defendants were unjustly

2  enriched.

3      41.    Plaintiffs and class members have been harmed by Defendants' deceptive

4  acquisition of their personal information in the loss of their rights to use, share, and maintain the

5  confidentiality of their information, each according to his or her own discretion.

6                              **CLASS ALLEGATIONS**

7      42.    Pursuant to the Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3),

8  Plaintiffs bring this action as a class action on behalf of themselves and all others similarly

9  situated as members of the class, defined as follows:

10                  All persons residing in the United States who have

11                  downloaded and used one of Defendants' apps on

12                  their iPhone or iPad from December 1, 2008 to the

13                  date of the filing of this Complaint.

14     43.    Excluded from the class are Defendants, their legal representatives, assigns, and

15  successors, and any entities in which Defendants have controlling interests. Also excluded are

16  the judge to whom this case is assigned, and the judge's immediate family.

17     44.    The "Class Period" is December 1, 2008 to the present.

18     45.    Plaintiffs reserve the right to revise this definition of the class based on facts

19  learned in the course of litigating this matter.

20     46.    The class consists of millions of individuals and other entities, making joinder

21  impractical.

22     47.    The claims of Plaintiffs are typical of the claims of all other class members.

23     48.    Plaintiffs will fairly and adequately represent the interests of the other class

24  members. Plaintiffs have retained counsel with substantial experience in prosecuting complex

25  litigation and class actions. Plaintiffs and their counsel are committed to prosecuting this action

26  vigorously on behalf of class members and have the financial resources to do so. Neither

27  Plaintiffs nor their counsel have any interests adverse to those of the other class members.

28

49.     Absent a class action, most class members would find the cost of litigating their claims to be prohibitive and would have no effective remedy.

50.     The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

51.     Defendant have acted and failed to act on grounds generally applicable to Plaintiffs and other class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards the class members.

52.     The factual and legal bases of Defendants' liability to Plaintiff and the other class members are the same, resulting in injury to Plaintiff and all of the other class members. Plaintiff and other class members have all suffered harm and damages as a result of Defendants' wrongful conduct.

53.     There are many questions of law and fact common to Plaintiffs and the class members and those questions predominate over any questions that may affect individual class members. Common questions for the class include, but are not limited to the following:

> a.     whether Defendants, without authorization, created personally identifiable profiles of class members;

> b.     whether Defendants, without authorization, created personally identifiable profiles of class members;

> c.     whether Defendants violated; (i) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (ii) the Electronic Communications Privacy Act, 18 U.S.C. § 2510; (iii) California Business and Professions Code § 17200; (iv) The Consumer Legal Remedies Act, Cal. Civ. Code § 1750; and (v) other violations of common law;

> d.     whether Defendants misappropriated valuable information assets of class members;

> e.     whether Defendants created or caused or facilitated the created of personally identifiable consumer profiles of class members;

f.     whether Defendants continue to retain and/or sell, valuable information assets from and about class members;

g.     what uses of such information were exercised and continue to be exercised by Defendants;

h.     whether Defendants invaded the privacy of class member; and

i.     whether Defendant have been unjustly enriched.

54.     The questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

55.     Based on the foregoing allegations, Plaintiffs' claims for relief include the following:

## COUNT 1

### Violations of the Computer Fraud and Abuse Act,

### 18 U.S.C. § 1030, *et seq*.

56.     Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

57.     The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, referred to as "CFAA," regulates fraud and related activity in connection with computers, and makes it unlawful to intentionally access a computer used for interstate commerce or communication, without authorization or by exceeding authorized access to such a computer, thereby obtaining information from such a protected computer, within the meaning of U.S.C. § 1030(a)(2)(C).

58.     Defendants violated 18 U.S.C. 1030 by intentionally accessing Plaintiff's and class members' computers without authorization or by exceeding authorization, thereby obtaining information from such a protected computer.

59.     The CFAA, 18 U.S.C. § 1030(g) provides a civil cause of action to "any persons who suffer damage or loss by reason of a violation of the CFAA.

1    60.    The CFAA, 18 U.S.C. § 1030(a)(5)(A)(i) makes it unlawful to "knowingly cause

2    the transmission of a program, information, code, or command and as a result of such conduct,

3    intentionally cause damage without authorization, to a protected computer," of a loss to one or

4    more persons during any one-year period aggregating to at least $5,000 in value.

5    61.    Plaintiff's computer is a "protected computer ... which is used in interstate

6    commerce and/or communication" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

7    62.    Defendants violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing the

8    transmission of a command to be downloaded to Plaintiff's computer, which is a protected

9    computer as defined above. By storing LSOs and executing browser-history sniffing code to

10   access, collect, and transmit details of Plaintiff's web activities and communications, Defendants

11   intentionally caused damage without authorization to those class members' computers by

12   impairing the integrity of those computers.

13   63.    Defendants violated 18 U.S.C. 1030(a)(5)(A)(ii) by intentionally accessing

14   Plaintiff's and class members' protected computers without authorization, and as a result of such

15   conduct, recklessly caused damage to Plaintiff's and class members computers by impairing the

16   integrity of data and/or system and/or information.

17   64.    Defendants violated 18 U.S.C. 1030 (a)(5)(A)(iii) by intentionally accessing

18   Plaintiff's and class members' protected computers without authorization, and as a result of such

19   conduct, caused damage and loss to Plaintiff and class members.

20   65.    Plaintiff and class members suffered damage by reason of these violations, as

21   defined in 18 U.S.C. 1030(e)(8), by the "impairment to the integrity or availability of data, a

22   program, a system or information."

23   66.    Plaintiff and class members have suffered loss by reason of these violations, as

24   defined in 18 U.S.C. 1030(e)(11), by the "reasonable cost ... including the cost of responding to

25   an offense, conducting a damage assessment, and restoring the data, program, system, or

26   information to its condition prior to the offense, and any revenue lost, cost incurred, or other

27   consequential damages incurred because of interruption of service."

28

CLASS ACTION COMPLAINT                                                                          9

1    67.   Plaintiff and class members have suffered loss by reason of these violations,
2  including, without limitation, violation of the right of privacy, and disclosure of personal
3  information that is otherwise private, confidential, and not of public record.

4    68.   As a result of these takings, Defendants' conduct has caused a loss to one or more
5  persons during any one-year period aggregating at least $5,000 in value in real economic
6  damages.

7    69.   Plaintiff and class members have additionally suffered loss by reason of these
8  violations, including, without limitation, the right of privacy.

9    70.   Defendants' unlawful access to Plaintiff's and class members' computers and
10  electronic communications has caused Plaintiff and class members irreparable injury. Unless
11  restrained and enjoined, Defendants will continue to commit such acts. Plaintiff's and class
12  members' remedy at law is not adequate to compensate it for these inflicted and threatened
13  injuries, entailing Plaintiff and class members to remedies including injunctive relief as provided
14  by 18 U.S.C. § 1030(g).

## COUNT II

### Violations of the Electronic Communications Privacy Act,

### 18 U.S.C. § 2510, *et seq.*

18    71.   Plaintiff incorporates the above allegations by reference as if fully set forth
19  herein.

20    72.   The Electronic Privacy Act of 1986, 18 U.S.C. § 2510, referred to "ECPA,"
21  regulates wire and electronic communications interception and interception of oral
22  communications, and makes it unlawful for a person to "willfully intercept [], endeavor [] to
23  intercept, or procure … any other person to intercept or endeavor to intercept any wire, oral, or
24  electronic communications," within the meaning of 18 U.S.C. § 2511(1).

25    73.   Defendants violated 18 U.S.C. § 2511 by intentionally acquiring and/or
26  intercepting, by device or otherwise, Plaintiff and class members' electronic communications,
27  without knowledge, consent, or authorization.

28

CLASS ACTION COMPLAINT                                                              10

74. The contents of data transmissions from and to Plaintiff and class members' personal computers constitute "electronic communications" within the meaning of 18 U.S.C. § 2510.

75. Plaintiff is a "person whose ... electronic communication is intercepted ... or intentionally used in violation of this chapter" within the meaning of 18 U.S.C. § 2520.

76. Defendants violated 18 U.S.C. § 2511(1)(a) by intentionally intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept Plaintiff's electronic communications.

77. Defendants violated 18 U.S.C. 2511(1)(c) by intentionally disclosing, or endeavoring to disclose, to any other person, the contents of Plaintiff's electronic communications, knowing or having reason to know that the information was obtained through the interception of Plaintiff's electronic communications.

78. Defendants violated 18 U.S.C. § 2511(1)(d) by intentionally using or endeavoring to use, the contents of Plaintiff's electronic communications, knowing or having reason to know that the information obtained through the interception of Plaintiff's electronic communications.

79. Defendants' intentional interception of these electronic communications was without Plaintiff or the class members' knowledge, consent, or authorization and was undertaken without a facially valid court order or certification.

80. Defendants' intentional interception of these electronic communications was without the knowledge, consent, or authorization of the publishers' websites with which Plaintiff and class members were communicating and was undertaken without a facially valid court order or certification.

81. Defendants intentionally used such electronic communications, with knowledge, or having reason to know, that the electronic communications, with knowledge, or having reason to know, that the electronic communications were obtained through interception, for an unlawful purpose.

82. Defendants unlawfully accessed and used, and voluntarily disclosed, the contents of the intercepted communications to enhance their profitability and revenue through advertising.

CLASS ACTION COMPLAINT                                                                 11

1  This disclosure was not necessary for the operation of Defendants' systems or to protect

2  Defendants' rights or property.

3  83.  The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2520(a)

4  provides a civil cause of action to "any person whose wire, oral, or electronic communications is

5  intercepted, disclosed, or intentionally used" in violation of ECPA.

6  84.  Defendants are liable directly and/or vicariously for this cause of action. Plaintiff

7  therefore seeks remedy as provided for by 18 U.S.C. § 2520, including such preliminary and

8  other equitable or declaratory relief as may be appropriate, damages consistent with subsection

9  (c) of that section to be proven at trial, punitive damages to be proven at trial, and a reasonable

10  attorney's fees and other litigation costs reasonably incurred.

11  85.  Plaintiff and class members have additionally suffered loss by reason of these

12  violations, including, without limitation, violation of the right of privacy.

13  86.  Plaintiff and the class, pursuant to 18 U.S.C. § 2520, are entitled to preliminary,

14  equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or

15  $100 per day for each day of violation, actual and punitive damages, reasonable attorneys' fees,

16  and Defendants' profits obtained from the above described violations. Unless restrained and

17  enjoined, Defendants will continue to commit such acts. Plaintiff's remedy at law is not adequate

18  to compensate it for these inflicted and threatened injuries, entitling Plaintiff to remedies

19  including injunctive relief as provided by 18 U.S.C. § 2510.

20  ### COUNT III

21  ### Violations of the Unfair Competition Law (UCL)

22  ### California Business Professions Code § 17200, *et seq.*

23  87.  Plaintiff incorporates the forgoing allegations as if fully set forth herein.

24  88.  In violation of California Business and Professions Code, Section 17200 *et seq.*,

25  Defendant's conduct in this regard is ongoing and includes, but is not limited to, statements

26  made by Defendant and Defendant's omissions, including as set forth above.

27  89.  By engaging in the above-described acts and practices, Defendant has committed

28  one or more acts of unfair competition within the meaning of the Unfair Competition Law and,

CLASS ACTION COMPLAINT                                                              12

1 | as a result, Plaintiff and the class have suffered injury-in-fact and have lost money and property –

2 | specifically, personal information; the expenses of investigation, mitigation, and remediation;

3 | and the opportunity cost of having installed and used Defendant's software.

4 | *Unlawful Business Acts and Practices*

5 | 90. Defendant's business acts and practices are unlawful, in part, because they

6 | violated California Business and Professions Code, Section 17500, *et seq.*, which prohibits false

7 | advertising, in that they were untrue and misleading statements relating to Defendant's

8 | performance of services and with the intent to induce consumers to enter into obligations relating

9 | to such services, and regarding which statements Defendant knew or which, and by the exercise

10 | of reasonable care Defendant should have known, were untrue and misleading.

11 | 91. Defendant's business acts and practices are also unlawful in that they violate the

12 | California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq.*; Title 18,

13 | United States Code, Section 1030, *et seq.*; and Title 18, United States Code, Section 2701, *et seq.*

14 | Defendant is therefore in violation of the unlawful prong of the Unfair Competition Law.

15 | 92. Defendant's business acts and practices are also unlawful in that they violate the

16 | California Constitution, Article 1, Section 1, which articulates the inalienable right to pursue and

17 | obtain privacy, in that, through Toolbar, Defendant willfully interfered with and obstructed

18 | users' rights and actual attempts to pursue and obtain the privacy promised by Defendant as an

19 | inducement for users to install Toolbar.

20 | *Unfair Business Acts and Practices*

21 | 93. Defendant's business acts and practices are unfair because they have caused harm

22 | and injury-in-fact to Plaintiff and class members and for which Defendant has no justification

23 | other than to increase, beyond what Defendant would have otherwise realized, its information

24 | assets supportive of its advertising revenue.

25 | 94. Defendant's conduct lacks reasonable and legitimate justification in that

26 | Defendant has benefited from such conduct and practices while Plaintiff and the class members

27 | have been misled as to the nature and integrity of Defendant's products and services and have, in

28 | fact, suffered material disadvantage regarding their interests in the privacy and confidentiality of

CLASS ACTION COMPLAINT
13

their personal information. Defendant's conduct offends public policy in California tethered to the Consumer Legal Remedies Act, the state constitutional right of privacy, and California statutes' recognition of the need for consumers to be information and equipped to protect their own privacy interests, such as California Civil Code, Section 1798.8, such that consumers may make informed decisions in their choices of merchants and other means of safeguarding their privacy.

95. In addition, Defendant's *modus operandi* constitutes a sharp practice in that Defendant knew and should have known that consumers care about the status of personal information and privacy but are unlikely to be aware of and able to detect the means by which Defendant was conducting itself in a manned adverse to its commitments and its users' interests, through the undisclosed functions of Toolbar. Defendant is therefore in violation of the unfair prong of the Unfair Competition Law.

96. Defendant's acts and practices were fraudulent within the meaning of the Unfair Competition Law because they were likely to mislead the members of the public to whom they were directed.

97. Plaintiff, on behalf of himself and on behalf of each member of the class, seeks restitution, injunctive relief, and other relief allowed under the Unfair Competition Law.

## COUNT IV

### Violations of the Consumer Legal Remedies Act (CLRA)

### California Civil Code § 1750, *et seq.*

98. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

99. In violation of Civil Code, Section 1750, *et seq.*, Defendant has engaged and is engaging in unfair and deceptive acts and practices in the course of transactions with Plaintiff, and such transactions are intended to and have resulted in the sales of services to consumers. Plaintiff and the class members are consumers as that term is used in the Consumer Legal Remedies Act because they sought or acquired Defendant's goods or services for personal, family, or household purposes. Defendant's past and ongoing acts and practices include but are not limited to:

CLASS ACTION COMPLAINT 14

100.   Defendant's representations that their services have characteristics, uses, and benefits they do not have, in violation of Civil Code, Section 1770(a)(5);

101.   Defendant's representations that their services are of a particular standard, quality and grade but are of another standard quality and grade, in violation of Civil Code, Section 1770(a)(7); and

102.   Defendant's advertisement of services with the intent not to sell those services as advertised, in violation of Civil Code, Section 1770(a)(9);

103.   Defendant's violations of Civil Code, Section 1770 have caused damage to Plaintiff and the other class members and threaten additional injury if the violations continue. This damage includes the injuries and losses set forth above.

104.   At this time, Plaintiff seeks only injunctive relief under this cause of action. Pursuant to Civil Code, Section 1782, in conjunction with the filing of this action, Plaintiff will notify Defendant in writing of the particular violations of Civil Code, Section 1770 and demand that Defendant rectify the problems associated with their behavior detailed above, which acts and practices are in violation of Civil Code, Section 1770.

105.   If Defendant fails to respond adequately to Plaintiff's above-described demand within 30 days of Plaintiff's notice, pursuant to Civil Code, Section 1782(b), Plaintiff will amend the complaint to request damages and other relief, as permitted by Civil Code, Section 1780.

## COUNT V
## Unjust Enrichment

106.   Plaintiff incorporates the above allegations by reference as if fully set forth herein.

107.   A benefit has been conferred upon Defendants by Plaintiff and the class whereby Defendants, directly or indirectly, have received and retained information regarding online communications and activity of Plaintiff and class members. Defendants have received and retained information regarding specific reading and communications content that is otherwise

1   private, confidential, and not public record, and/or received revenue from the provision of such
2   information.

3       108.    Defendants appreciate and/or have knowledge of said benefit.

4       109.    Under principles of equity and good conscience, Defendants should not be
5   permitted to retain the information and/or revenue that they acquired by virtue of their unlawful
6   conduct. All funds, revenue, and benefits received by Defendants rightfully belong to Plaintiff
7   and the class, which Defendants have unjustly received as a result of their action.

8       110.    Plaintiff and class members have no adequate remedy at law.

9                           **DEMAND FOR RELIEF**

10      WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for
11  judgment against Defendants and that the Court may:

12      A.      certify this case as a class action on behalf of the class defined above, appoint
13              Plaintiff as class Representative, and appoint his counsel as class counsel;
14

15      B.      declare that Defendants' actions violate the statutes and common-law
16              jurisprudence set forth above;

17      C.      award injunctive and equitable relief as applicable to the class *mutatis mutandis,*
18              including:
19

20              i.      prohibiting Defendants from engaging in the acts alleged above;

21              ii.     requiring Defendants to provide reasonable notice and choice to
22                      consumers regarding Defendants' data collection, profiling, merger, and
23                      deanonymization activities;
24

25              iii.    requiring Defendants to disgorge to Plaintiff and class members or to
26                      whomever the Court deems appropriate all of Defendants' ill-gotten gains;

27
28

CLASS ACTION COMPLAINT                                                              16

iv.     requiring Defendants to delete all data from and about Plaintiff and class members that it collected and/or acquired from third parties through the acts alleged above;

v.      requiring Defendants to provide Plaintiff and other class members reasonable means to decline, permanently, participation in Defendants' collection of data from and about them;

vi.     awarding Plaintiff and class members full restitution of all benefits wrongfully acquired by Defendants through the wrongful conduct alleged above; and

vii.    ordering an accounting and constructive trust to be imposed on the data from and about Plaintiff and class members and on funds or other assets obtained by unlawful means as alleged above, to avoid dissipation, fraudulent transfers, and/or concealment of such assets by Defendants;

D.      award damages, including statutory damages where applicable, to Plaintiff and class members in an amount to be determined at trial;

E.      award restitution against Defendants for all money to which Plaintiff and the class are entitled in equity;

F.      restrain, by preliminary and permanent injunction, Defendants, its officers, agents, servants, employees, and attorneys, and those participating with them in active concert, from identifying Plaintiff and class members online, whether by personal or pseudonymous identifiers, and from monitoring, accessing, collecting, transmitting, and merging with data from other sources any information from or about Plaintiff and class members;

1      G.     award Plaintiff and the class their reasonable litigation expenses and attorneys'

2             fees; pre- and post- judgment interest to the extent allowable; restitution;

3

4             disgorgement and other equitable relief as the Court deems proper; compensatory

5             damages sustained by Plaintiff and the class; statutory damages, including

6             punitive damages; and permanent injunctive relief prohibiting Defendant from

7             engaging in the conduct and practices complained of herein; and

8      H.     for such other and further relief as this Court deems just and proper.

9

## JURY TRIAL DEMAND

10

11 Plaintiff hereby demands trial by jury of all issues so triable.

12 Respectfully submitted,

13 Dated:

14                               Respectfully submitted,

15 Dated: July 4, 2011               THE TERRELL LAW GROUP

16                               AMAMGBO & ASSOCIATES

17

18                               REGINALD TERRELL, ESQ.

19

20

21                               DONALD AMAMGBO, ESQ.
                              AMAMGBO & ASSOCIATES

22                               6167 Bristol Parkway, #325
                              Culver City, California 90230

23                               Telephone: (310) 337-1137
                              Facsimile: (310) 337-1157

24                               REGINALD TERRELL, ESQ.
                              THE TERRELL LAW GROUP

25                               Post Office Box 13315, PMB #148
                              Oakland, California 94661

26                               Telephone: (510) 237-9700
                              Facsimile: (510) 237-4616

27

28